UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAM KORTLEVEN, on behalf of himself and
all others similarly situated,

                           Plaintiff,

-v.-

NEW ROCHELLE HOSPITAL, NEW ROCHELLE
MEDICAL CENTER n/k/a SOUND SHORE
MEDICAL CENTER OF WESTCHESTER, and
STERN & STERN, P.C.

                           Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Case Number:

**08 CIV. 6295**
**JUDGE KARAS**

## CLASS ACTION COMPLAINT

Plaintiff, William Kortleven by his undersigned attorneys, alleges as follows:

### JURISDICTION AND VENUE

1. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), to secure permanent injunctive relief and other equitable relief, including rescission, restitution, and disgorgement, against defendants for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1367.

3. Venue is proper in the United States District Court because plaintiff may be found here and the action arose here.

## DEFINITIONS

4.  As used in reference to the FDCPA, the terms "creditor," "debt," and "debt collector" are defined in § 803 of the FDCPA, 15 U.S.C. § 1692a and 15 U.S.C. § 1692j(a) and (b).

## THE PARTIES

5.  The FDCPA, 15 U.S.C. § 1692 which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.  Defendant New Rochelle Hospital, New Rochelle Medical Center, n/k/a Sound Shore Medical Center (hereinafter "New Rochelle") is a hospital located at 16 Guion Place, New Rochelle, New York 10801.

7.  Defendant Stern & Stern, P.C. is a law firm located at 3002 Merrick Road, Bellmore, New York 11710.

8.  Plaintiff William Kortleven is an individual who resides at 125 Rothenburgh Road, Poughkeepsie, New York and is a consumer as defined by the FDCPA.

## DEFENDANT'S BUSINESS

9.  Plaintiff is a person who engaged J.P. Morgan Chase Bank, primarily for personal, family, or household purposes.

10. Defendant New Rochelle is a hospital.

2

11.     Defendant Stern & Stern, P.C. is a law firm.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

12.     At some point in time, Plaintiff owed a debt to New Rochelle in the sum of $6,663.00.

13.     In the course and conduct of collecting consumer debt, Stern & Stern, P.C. sent an information subpoena with restraining notice to J.P. Morgan Chase (see Information Subpoena annexed hereto as Exhibit A).

14.     Said subpoena resulted in J.P. Morgan Chase issuing a letter to plaintiff informing him that the Bank was required to freeze all assets of Plaintiff in the Bank's control; up to twice the amount of judgment ($6,663.07) plus judgment interest and court costs. The amount held by J.P. Morgan in plaintiff's various accounts totals over $26,000. The letter from J.P. Morgan Chase to Plaintiff dated March 4, 2008 is annexed hereto as Exhibit B.

15.     Stern & Stern, P.C. is the entity controlling the acts and practices of Sound Shore Medical Center and is a "debt collector" as these terms are defined in § 803 of the FDCPA, 15 U.S.C. § 1692a, and therefore is required to comply with the applicable provisions of the FDCPA.

16.     Annexed hereto as Exhibit C is a Satisfaction of Judgment dated October 2, 2000 from the City Court of New Rochelle, County of Westchester, which memorializes that plaintiff paid the entire sum of $6,663.00 and that the sum of $0.00 remained unpaid to New Rochelle.

## COUNT I

17.   Defendants in many instances violated the requirements of the FDCPA, in the following and other respects;

a.   by employing a name other than its true name;

b.   by falsely representing that Stern & Stern, P.C. was materially involved in the relevant account in violation of § 807 of the FDCPA;

c.   by employing false and misleading representations in violation of 15 U.S.C. § 1692e;

d.   by the use of communication which creates a false impression as to its source in violation of 15 U.S.C. § 1692e(9);

e.   by the use of false representations and deceptive means to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10);

f.   by the use of a name other than the true name of the debt collector in violation of 15 U.S.C. § 1692e(14);

g.   by designing, compiling and furnishing forms creating the false belief in consumers that a person other than the creditor of such consumer is participating in the collection of when in fact such person is not so participating as provided by § 1692j.

## CLASS ALLEGATIONS

18.   This action is brought on behalf of a class. The class includes

i.   all consumers;

4

   ii. who received a letter bearing the letterhead of Stern & Stern, P.C.;

   iii. which related to the accounts of defendant Sound Shore Medical Center.

19. The class period begins one year prior to the filing of this action.

20. The class is so numerous that joinder of all members is impractical. Upon information and belief, there are at least several hundred class members.

21. There are questions of law common to the class, which questions predominate over any questions affecting only individual class members. The principle questions presented are:

 a. Whether defendant New Rochelle sent collection letters purporting to come from an attorney.

 b. Whether defendant New Rochelle thereby subjected itself to and violated the FDCPA.

 c. Whether defendant New Rochelle violated the FDCPA.

 d. Whether defendants violated 15 U.S.C. § 1692e(10) by using deceptive means in attempting to collect a debt.

22. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel. Neither plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim.

23. Plaintiff's claims are typical of the class, which all arise from the same operative facts and are based on the same legal theories.

24. A class action is a superior method for the fair and efficient adjudication of this controversy.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully requests that the Court enter judgment as follows:

a. Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative;

b. Issue a preliminary and permanent injunction restraining defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

c. Issue a declaratory Order requiring defendants to make corrective disclosures;

d. Awarding Plaintiff statutory damages;

e. Awarding class members $500,000 dollars;

f. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

g. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

25. Pursuant to Rule 38 of the FRCP, Plaintiff hereby demands a trial by jury.

Dated: White Plains, New York
       July 3, 2008

_____
Bruce M. Young (   )
Babchik & Young, LLP
Attorneys for Plaintiff
200 East Post Road
White Plains, New York 10601
(914) 470-0001



Ex. A

*NOTICE TO DEBTOR HAS BEEN GIVEN WITHIN TWELVE MONTHS OF EXEMPTIONS UNDER 5222(d) OF THE CPLR IN THIS MATTER*

SUPREME COURT STATE OF N.Y
WESTCHESTER COUNTY

**ORIGINAL**

INDEX #17177/94
S&S #R9401006

*********************************************

NEW ROCHELLE HOSPITAL MEDICAL CENTER
    Plaintiff,

INFORMATION SUBPOENA
*With Restraining Notice*

-against-

WILLIAM KORTLEVEN
    Defendant(s).

*Judgment Debtor*

*********************************************

RE: WILLIAM KORTLEVEN, 3 Dinsmore Place, Harrison NY 10528, S.S.# 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

### THE PEOPLE OF THE STATE OF NEW YORK

TO: JP MORGAN CHASE BANK, N.A. 451 Flordia St Baton Rouge, LA 70801
Account Number

Garnishee; GREETINGS

    WHEREAS, in an action in the above captioned Court, between plaintiff and defendant(s) who are all the parties named in said action herein, a judgment was entered on March 14, 1995 in favor of the judgment creditor(s) and against judgment debtor(s) in the amount of $6,663.07 of which remains due an unpaid the sum of $6,663.07 together with the interest hereon from March 14, 1995 the date judgment was entered.

    WHEREAS, the witness, resides, is regularly employed; has an office for the regular transaction of business in person; in the above County

    NOW, THEREFORE WE COMMAND YOU, that you answer in writing under oath, separately and fully, each question in the questionnaire attached to this subpoena, each answer referring to the question to which it responds, and that you return the answers together with the original of the questions within 7 days after your receipt of the questions and this subpoena. **THIS SUBPOENA APPLIES TO NEW YORK BANK ACCOUNTS ONLY!!!**

    TAKE NOTICE that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

### RESTRAINING NOTICE

    WHEREAS, it appears that you owe a debt to the judgment debtor or are in possession or in custody of property in which the judgment debtor has an interest:

    TAKE NOTICE that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with any such property or pay over or otherwise dispose of any such debt except as therein provided.

    TAKE FURTHER NOTICE that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

### CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, any interference with, any such property or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor is in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

    TAKE NOTICE that the disobedience of this Restraining Notice is punishable as a contempt of court

Date: February 18, 2008

### CERTIFICATION

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

### CONDITIONAL RELEASE

You are hereby authorized to release the account(s) herein restrained, on notice to the agents for judgment creditor, in the event the following conditions are met. Upon judgment debtor's formally requesting a bank check, money order and/or certified check for the full amount of the judgment plus interest to be sent by the bank directly to Stern and Stern, P.C. as agents for the judgment creditor. (if the amount restrained does not satisfy the judgment, the judgment creditor will accept a bank check, money order and/or certified check for the amount restrained.)

Stern and Stern, P.C.
By: Kenneth D. Stern, Esq.
Attorneys for Plaintiff
3002 Merrick Road
Bellmore, N Y 11710
516-771-0710

OPERATOR ID
#19

(2)

**LETTERS IN LIEU OF FORMAL ANSWERS TO THE INFORMATION SUBPOENA AND QUESTIONS WILL NOT BE ACCEPTED**

QUESTIONS AND ANSWERS In connection with INFORMATION SUBPOENA
STATE OF NEW YORK, COUNTY OF

RE: NEW ROCHELLE HOSPITAL VS. WILLIAM KORTLEVEN

_____ being duly sworn deposes and says:
that deponent is the _____ of
recipient of an information subpoena herein and a copy of question accompanying said subpoena, the answers set forth below are made from information obtained from the records of the recipient.

(1) If you have any account in which the judgment debtor may have an interest, whether under the name of the debtor, under a trade or corporate name, or in association with others, as of the date of the subpoena or within one year prior thereto, set forth the exact title of the account, the date opened, amounts presently on deposit, if closed, the amount on deposit and if closed, the date thereof.

(2) Supply current or last known address, date of birth and social security number of the judgment debtor.

(3) If you have a record of any safe deposit box in which the judgment debtor may have an interest, whether under the name of the debtor, under a trade or corporate name, or in association with others, as of the date of the subpoena or within one year prior thereto, set forth as to each such box what is the exact designation of the lessees thereof, the date hired, the date discontinued, the names of those having access.

(4) If you hold collateral in which the debtor has or may have an interest, give description and state debtor's interest as to each item of collateral.

(5) If the judgment debtor is indebted to you, state the amount of the original indebtedness, the date incurred, amount repaid and date of such repayment.

(6) If you hold any liens against property of the judgment debtor state the nature of each such lien, the full description of the property affected by the lien, the location and identity of the office of the filing or recording and full indexing information.

(7) If any of the assets of the judgment debtor are in your possession or care, subject to liens, attachments or other encumbrances state the full details of the same in regard to each asset.

(8) Do you have any other transactions with the judgment debtor, directly or indirectly, as a result of which the judgment debtor may now have, or may in the future become entitled to, money or credit?

(9) Set forth a true copy of any credit applications submitted by the judgment debtor.

(10) Furnish full name of employer, employer address, employer phone number.

(11) Set forth all bank references from savings or checking account file card, Christmas club, loan, mortgage or credit card.

(12) Attach true copies of all available documentation in regard to each of the above requests.

ANSWERS: (If necessary please use this space for answers to the above: Indicate appropriate number).

Sworn to before me this
day of                                     _____
                                           Signature (print or type name beneath)
Excerpt from CPLR section 5224 (a) 3. Answers shall be made in writing under oath by the person upon whom served, if an individual, or by an officer, director, agent or employee having information, if a corporation, partnership or sole proprietorship. Each question shall be answered separately and fully and each answer shall refer to the question to which it responds. Answers shall be returned together with the original of the questions within a seven days after receipt.

Ex. B



JPMorgan Chase Bank, N.A.
Court Orders and Levies Dept
Mail Code LA2-2806
P.O. Box 260164
Baton Rouge, LA 70508-0164
Phone: (225) 332-7250
Fax: (225) 332-7274

Send Overnight to:
451 Florida St
Baton Rouge, LA 70801

Tuesday, Mar 04, 2008

WILLIAM KORTLEVEN
125 ROTHENBURGH RD
POUGHKEEPSIE, NY 126033281

RE: INFORMATION SUBPOENA W/ RESTRAINING NOTICE

Dear Valued Customer:

JPMorgan Chase Bank, N.A. ("The Bank") has been served with the enclosed Information Subpoena w/ Restraining Notice. The judgment amount is: $6,663.07. Pursuant to the Restraining Notice, the Bank is required to freeze all assets of the defendant in the Bank's control; up to twice the amount of judgment plus judgment interest and court costs. In order to comply with the Restraining Notice, the Bank is required to place a hold on funds in your account(s). The amounts held in each account are listed below:

| Received Date | Account Number | Amount of Hold |
|---|---|---|
| Monday, Mar 03, 2008 | 6803606054 | $13,326.14 |
| Monday, Mar 03, 2008 | 6874670381 | $13,326.14 |

The amount of hold does not reflect the available balance in your account and may be greater than what is available. Please note that the funds, which are listed above, have been restrained by the Bank and may not be withdrawn by you, and are not available to pay your outstanding checks. You will need to make arrangements to cover any outstanding checks on your account(s) that may be returned due to unavailable funds as a result of the hold. According to your Deposit Account Agreement, your account(s) may be charged a legal processing fee of $0.00. Please be sure to adjust your balance(s) accordingly as this fee is not included in the total amount of the funds restrained, which is listed above. In addition, if any checks are presented for payments in amounts exceeding the available balance in your account(s) after the funds have been restrained, your account(s) will be subjected to bank fees for each returned check for insufficient funds.

Only a written release by the Judgment Creditor or Court will be accepted to release the hold on your accounts. For more information, the Judgment Creditor can be reached at: 5167710710.

*A verbal release or authorization will not be accepted.* In order to obtain a written release, you must contact the Judgment Creditor or the Court directly at the number listed above or on the enclosed Order or Levy. The Bank is required to hold the funds in your accounts until either:

1) The funds are remitted to the issuer pursuant to a Levy or Order of the Court as required by law.

2) The period for which the Bank is required to restrain your funds expires. The expiration of the restraint on your funds is provided on the enclosed Order.

If you obtain a written release from the Judgment Creditor or the Court, you may fax a copy of the written release to (225) 332-7274.

JPMorgan Chase Bank, N.A. cannot provide you with legal advice. If you believe you need legal advice, you will need to consult your own attorney, or a Legal Aid or Legal Services attorney (if you qualify for such assistance).

COAL-29Feb08-1432                          COPY OF DOCUMENT                                      Page 1 of 2

**YOU MAY BE ABLE TO GET YOUR MONEY BACK.** Federal and state laws protect certain property or money (such as social security, supplemental social security (SSI) and veterans benefits) from being used to pay most judgments or orders. Depending on the state where you live, exempt funds may also include funds derived from public assistance (welfare), alimony or child support, unemployment benefits, disability benefits, public or private pensions and workers' compensation benefits. Exemptions generally do not apply to business accounts.

We frequently cannot tell whether or to what extent funds in your account may be exempt from collection, and in many states only you can ask the court to release your funds. If you think that your funds that have been held or taken may be exempt, you may want to immediately contact the attorney for the judgment creditor and advise him/her of your belief. If you believe that you need legal advice, you will need to consult your own attorney, or a Legal Aid or Legal Services attorney (if you qualify for such assistance).

JPMorgan Chase Bank, N.A.
Court Orders and Levies Department

Ex. C

CITY COURT   New Rochelle                                             Index No. 17177/94

COUNTY OF Westchester

NEW ROCHELLE HOSPITAL,

                                  Plaintiff(s)

                    against                              **SATISFACTION OF JUDGMENT**

WILLIAM KORTLEVEN,

                                  Defendant(s)

WHEREAS, a judgment was entered in the above entitled action on March 1995 in the City Court of New Rochelle County of Westchester in judgment book ___ page No. ___ in favor of NEW ROCHELLE HOSPITAL

and against WILLIAM KORTLEVEN for the sum of $ 6663.00 which judgment was docketed on March 1995 in the office of the Clerk of the County of Westchester in judgment book ___ page No. ___

[County Clerk certification stamp dated 3-7-08, filed 10-30-00, Westchester County]

and said judgment has been paid and the sum of $ 0 remains unpaid.

AND it is certified that there are no outstanding executions with any Sheriff or Marshal within the State of New York,

THEREFORE, satisfaction of said judgment is hereby acknowledged, and the said Clerks are hereby authorized and directed to make an entry of satisfaction on the docket of said judgment.

Dated: October 2, 2000

                                                       _Edward B. Geller_ (signature)
                                                         EDWARD B. GELLER, ESQ.

State of New York, County of Nassau    ss.: ACKNOWLEDGMENT RPL309-a (Do not use outside New York State)

On 6 of Oct 2000 before me, the undersigned, personally appeared Edward B. Geller personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

FELIX KUSHNIR
Notary Public, State of New York
No. 8288240
Qualified in Suffolk County
Commission Expires Jan 31, 2001

                                                         (signature and office of individual taking acknowledgment)